IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-119-M

| | |
|---|---|
| WILLIAM LESLIE BARRETT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| USA VETERANS ADMINSTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for mandatory mediation, [DE-12], and the United States' motion to stay discovery, [DE-13]. The United States opposes Plaintiff's motion. [DE-15]. For the reasons that follow, Plaintiff's motion is denied and the United States' motion is allowed.

Plaintiff's motion for mandatory mediation states that his case is unprecedented, and he seeks to stop the "conspiracy to obstruct justice." Pl.'s Mot. [DE-12]. The United States opposes the motion for mediation on the basis that the court lacks jurisdiction over Plaintiff's claim and the United States has filed a motion to dismiss and motion to stay pending ruling on the motion to dismiss. Def.'s Resp. [DE-15]. Mediation is not mandatory in cases where the United States is a party, Local ADR Rule 101.1a(b), and the court declines to order mediation at this time given the pending motion to dismiss alleging the court lacks jurisdiction over the case. Accordingly, the motion for mandatory mediation is denied.

The United States seeks a stay of discovery pending resolution of its motion to dismiss, and Plaintiff has not responded to the motion. Rule 26(c) of the Federal Rules of Civil Procedure

authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs in favor of allowing a stay. The motion to dismiss may result in dismissal of Plaintiff's claims against the United States, there is strong support for the motion on the merits, and the delay inherent in staying the case is unlikely to be inordinate and is insufficient to outweigh the potential efficiencies a stay may generate. Accordingly, for good cause shown, the motion to stay discovery is allowed. In the event the court denies the United States' pending dispositive motion, the parties shall have twenty-one days from the date of that order to submit a proposed discovery plan.

SO ORDERED, the 12 day of July, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge