IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-cv-00119-M

| | |
|---|---|
| WILLIAM LESLIE BARRETT, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>USA VETERANS ADMINISTRATION, )<br>MERRICK GARLAND, and )<br>MICHAEL F. EASLEY, )<br>)<br>Defendants. )<br>_____ ) | ORDER |

This matter comes before the court on the Defendants' motion to dismiss Plaintiff's Complaint [DE 6]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R"), recommending that the court grant Defendant's motion and dismiss this action without prejudice for the court's lack of subject matter jurisdiction. DE 18. Judge Jones concluded that, to the extent Plaintiff asks the court to find the [Veterans Administration ("VA")] wrongfully denied him VA benefits ... based on his mental health diagnosis, the district court lacks subject matter jurisdiction over such a claim" (*id.* at 5) and that to the extent Plaintiff alleges a tort claim based on negligent diagnosis or claims processing, the court "lacks jurisdiction over such a tort claim because Plaintiff has failed to exhaust administrative remedies as required by the Federal Tort Claims Act" (*id.*).

Judge Jones instructed the parties that they may file any written objections to his recommendation on or before November 14, 2022. *Id.* at 8. On November 10, 2022, Plaintiff filed a document titled, "Motion for Mandatory Negotiations," which has been construed as a response

to the M&R. DE 19.[1] In the document, the Plaintiff characterizes the court as a "destroyer of all [his] evidence," but gives no further explanation; claims he "met Rule 12 on time, twelve questions went unanswered, court has those questions, they forfeited, I WIN!"; that "Defense information is false, I WIN!"; and that "Everything about me and my case/cases in court should read true or it is SLANDER, I Win"; and concludes that the VA "ha[s] nothing I WIN!" *Id.* Plaintiff asserts that he is "owed and crime has no immunity. That's why the court should not dismiss." *Id.* Plaintiff has attached to this filing a number of documents, including medical and VA records, dated from 1985 to 2017 (DE 20).

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court finds that Plaintiff has failed to identify any portion(s) of the M&R, including its findings and recommendations, to which he objects. Moreover, Plaintiff's attached documents shine no light on why or how, if at all, the M&R is incorrect. The court is not unsympathetic to the needs of military veterans injured in their service to this country; however, "federal courts are courts of limited jurisdiction," and "it is always incumbent upon a federal court to evaluate its jurisdiction …, to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*,

---

[1] Plaintiff has filed nothing in this case since that time.

2

856 F.2d 648, 650 (4th Cir. 1988).

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendants' motion to dismiss [DE 6] is GRANTED and the case is DISMISSED WITHOUT PREJUDICE for the court's lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED this 29th day of March, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE